FILED

1 | Christine Winsey

2017 APR 26  AM 11: 48

2 | 3217 Campbell Street

3 | Sarasota, Florida [34231]

4 | Plaintiff in Sui Juris

5 |

6 | **THE UNITED STATES DISTRICT COURT**

7 | **FOR THE MIDDLE DISTRICT OF FLORIDA**

9 |

10 |

11 |

12 | Christine Winsey, a natural woman       Case No.: 8:17 cv 979 T 33 JSS

13 |                Consumer Plaintiff,

14 |        vs.                              **EMERGENCY MOTION FOR**

15 | NATIONSTAR MORTGAGE                     **TEMPORARY RESTRAINING**

16 |                Defendant.               **ORDER AND PRELIMINARY**

17 |                                         **INJUNCTION.**

18 |

19 | **TO THE HONORABLE COURT AND TO ALL PARTIES:**

20 |

21 | PLEASE TAKE NOTICE that on 26 Day of April 2017 at _____,

22 | in the above entitled court located at

23 | **801 North Florida Ave., Tampa, FL 33602** . The Plaintiff Christine

24 | Winsey moves this court to grant a motion for temporary restraining order

25 | and preliminary injunction against defendant NATIONSTAR MORTGAGE LLC

26 |

27 |

28 |

1

1   This motion is based upon the following documents:

2

3   Affidavit in Support of Motion for Temporary Restraining Order (TRO) and

4   Temporary Preliminary Injunction and Memorandum of Points and Authorities, the

5   complete files and records in this action, and upon such oral and documentary

6   evidence as may be allowed at the hearing of this motion.

7

8   Dated this 26 day of April 2017

9

10

11  By: _Christine Winsey_

12      Christine Winsey
13      Plaintiff Sui Juris

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion for Temporary Restraining Order and Injunction



Christine Winsey, a natural, living, individual
Woman. Secured Party Creditor
d.b.a. and Injoined with CHRISTINA WINSEY-RUDD,
(persona ficto)
c/o 3217 Campbell Street
Sarasota, Florida [34231]

## UNITED STATES DISTRICT COURT
## FOR MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| Christine Winsey, a natural, living, individual Woman. Secured Party Creditor d.b.a. and Injoined with CHRISTINA WINSEY-RUDD, (persona ficto) | Case No.: |
| Plaintiff, | _____ |
| vs. | |
| NATIONSTAR MORTGAGE LLC, | |
| Defendants | |

## VERIFIED MOTION FOR
## EMERGENCY TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION, TRO U.S.C. 1331

Pursuant to Federal Rule of Civil Procedure 65(b), Comes now, Plaintiff Christine Winsey,
["Plaintiff"] in Sui Juris, facing irreparable harm hereby moves the Court to issue a Temporary
Restraining Order and Preliminary Injunction enjoining Defendants, NATIONSTAR MORTGAGE
["Defendant"].

If a foreclosure sale is held, Plaintiff will suffer irreparable harm by losing her family home which is a homestead. As a matter of fundamental fairness, any request for an interim order to preserve the status quo by literally keeping the roof over someone's head is entitled to serious judicial consideration. Real estate is unique; its loss cannot be compensated by turning over foreclosure sale proceeds; this is especially true where the real estate at issue is one's own family home.

Federal cases expressly hold that in the context of preliminary injunctive relief, evicting a family from their home constitutes irreparable harm. This rule has been specifically applied to mortgage foreclosure sales.

The presence of such irreparable harm reduces the "likelihood of success on the merits" showing required for a preliminary injunction. Without a preliminary injunction, there is a virtual certainty of irreparable harm to borrowers faced with loss of their home. With an injunction in effect, there is no irreparable harm to the mortgage lender, who stands to lose only money.

**Under these circumstances, "a substantial possibility of success on the merits warrants issuing the injunction."** Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 n. 12, 405 N.E.2d 106, 112 n. 5 (1980). The meaning of the phrase "substantial possibility of success on the merits" is explained by a federal case cited in Packaging Industries Group, Inc. v. Cheney, supra.

The Plaintiff is filing this motion concurrently with her complaint and will serve complaint and motion on the Defendants of all pleadings via electronic mail, providing them notice of Plaintiff's motion. As "the potential incidental and consequential costs" of the requested injunction are zero, the Plaintiff respectively requests that the Rule 65(c) bond amount be set at one dollar. See Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 421 n.3 (4th Cir. 1999). See also International Controls Corp. v. Vesco, 490 F.2d 1334 (2d Cir.1974) (approving district court's fixing bond amount at zero in the absence of evidence regarding likelihood of harm); Hassay v. Mayor, 955 F. Supp. 2d 505, 527 (D. Md. 2013) (in First Amendment case, setting security amount at one dollar).

**Today is Wednesday, April 26th, 2017.  Public Auction sale date of Plaintiff's property at 3217 Campbell Street, Sarasota, Florida [34231] is set for April 27, 2017.  Plaintiff respectfully requests that the EMERGENCY Temporary Restraining Order and Preliminary Injunction be granted forthwith in order for the Defendant to postpone the sale, if necessary, to have the opportunity to seek further judicial intervention.**

For the foregoing reasons, and as set forth, this Motion for an EMERGENCY
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION should be granted.

Dated $\cancel{26}$ day of April, 2017

Respectfully submitted,

By: *Christine Winsey*

Christine: Winsey, Sui Juris,
Secured Party Creditor
d.b.a. and injoined party to CHRISTINE WINSEY,
CHRISTINA WINSEY-RUDD et. al.
© Autograph. All Rights Reserved
Without Prejudice UCC1-308
c/o 3217 Campbell Street, Sarasota, Florida
[34231]

**NOTICE**
Using a notary on this document does not constitute any adhesion, nor does it in any manner alter any legal status of
any of the parties hereto.   The purpose of a notary is verification and identification only and not for entrance into
any foreign jurisdiction.

*A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document, to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.*

**JURAT**

**STATE OF FLORIDA**

**COUNTY OF SARASOTA**

On *April 26*, 2017, before me *Mary B. Harris*

Notary Public in Good Standing, personally stood *Christine Winsey* who proved to me on
the basis of satisfactory evidence to be the person(s) whose name(s) is/are ~~subscribed to the~~ within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument. **I certify under PENALTY OF PERJURY under the laws of the State of Florida that
the foregoing paragraph is true and correct.**

Witness my hand official seal.          Signature *Mary B. Harris*
                                                    NOTARY PUBLIC

Sworn to before me this                            Seal          
$\cancel{26}$ day of April

MARY B. HARRIS
Notary Public, State of Florida
Commission# FF 14843
My comm. expires May 6, 2017

CERTIFICATE OF SERVICE

I certify that a copy of this document will be served upon the Defendant by immediate R-Post
certified E-Mail

NOTICE TO PRINCIPAL IS NOTICE TO AGENT, NOTICE TO AGENT IS NOTICE TO PRINCIPAL

FOR NATIONSTAR MORTGAGE

3

VANESSA SLOAT-ROGERS, DEBT COLLECTOR
HEATHER ITZKOWITZ, DEBT COLLECTOR
ROBERTSON, ANSCHUTZ & SCHNEID, P.I. DEBT COLLECTORS
6309 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone 561-241-6901
Facsimile 561-241-9181
vrogers@rasflaw.com
hitzkowitz@rasflaw.com
  Service email: mail@rasflaw.com

Respectfully submitted,

By: *Christine Winsey*
christine: winsey, Sui Juris,
Secured Party Creditor
d.b.a. and injoined party to CHRISTINE WINSEY,
CHRISTINA WINSEY-RUDD et. al.
© Autograph. All Rights Reserved
Without Prejudice UCC1-308
c/o 3217 Campbell Street, Sarasota, Florida [34231]

4