UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE WINSEY,

    Plaintiff,

v.                          Case No. 8:17-cv-979-T-33JSS

NATIONSTAR MORTGAGE LLC,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon consideration of pro se Plaintiff Christine Winsey's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. # 2), filed on April 26, 2017. Defendant Nationstar Mortgage LLC has not yet been served, nor made an appearance. For the reasons below, the Motion is denied insofar as it requests a temporary restraining order.

## Discussion

On April 26, 2017, Winsey filed her Complaint against Nationstar alleging that Nationstar violated the Fair Debt Collection Practices Act, breached an agreement between the parties, violated Florida Statutes section 673.5011, and violated Florida Statutes section 673.6031. (Doc. # 1). Concomitant with her Complaint, Winsey filed the pending

Motion seeking, in part, an emergency temporary restraining order that enjoins the sale of her home at a foreclosure sale scheduled for April 27, 2017. (Doc. # 2 at 4).

A Court may issue a temporary restraining order if the movant establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Winsey has made no attempt to demonstrate a substantial likelihood of success on the merits of her Complaint. Rather, without citation to authority, she argues that the threat of losing the home at foreclosure "reduces the 'likelihood of success on the merits' showing required for a preliminary injunction." (Doc. # 2 at 4). That argument is without merit because "[c]ontrolling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." Schiavo, 403 F.3d at 1226.

Furthermore, "[u]nder the Anti-Injunction Act, a district court may not enjoin state proceedings 'except as expressly authorized by Act of Congress, or where necessary

in aid of its jurisdiction, or to protect or effectuate its judgments.'" Arthur v. JP Morgan Chase Bank, NA, 569 Fed. Appx. 669, 678 (11th Cir. 2014) (quoting 28 U.S.C. § 2283)). "The . . . 'necessary in aid of its jurisdiction' exception[] applies in two narrow circumstances: (1) the federal court gains jurisdiction over *res* in an *in rem* proceeding before a party brings a subsequent state court action; or (2) the federal court is presented with a similar context," e.g., the need to protect an earlier-issued injunction. Id. (citing Burr & Forman v. Blair, 470 F.3d 1019, 1028-29 (11th Cir. 2006)). "[T]he third exception, known as the "relitigation exception," . . . is applicable where subsequent state law claims 'would be precluded by the doctrine of res judicata.' . . . In addition to the existence of a federal judgment, 'the party seeking the injunction must make a strong and unequivocal showing of relitigation.'" Id. at 678-79 (citations omitted).

In this case, Winsey has failed to demonstrate any of the three exceptions apply. The Motion does not point to any act of Congress that would allow for injunctive relief. Id. (finding first exception not met where party seeking injunction failed to cite an act of Congress allowing for injunctive relief). In addition, the Court is not proceeding

3

*in rem* as it has not obtained jurisdiction over *res*. Furthermore, Winsey has not pointed to any previously-issued federal injunction that must be protected against the scheduled foreclosure sale. Finally, Winsey has not shown the existence of a prior federal judgment in her favor. Id. at 678-79 (finding third exception not met where party seeking injunction failed to point to a federal judgment issued in its favor). Accordingly, Winsey's request for a temporary restraining order is denied. See Dyer v. The Bank of N.Y. Mellon, No. 5:17-cv-130-Oc-30PRL, 2017 WL 1165552, at *2 (M.D. Fla. Mar. 29, 2017) (denying plaintiff's request for an injunction to prevent foreclosure sale under the Anti-Injunction Act); Littlejohn v. CitiMortgage, Inc., No. 3:15-cv-194-J-34JRK, 2015 WL 789131, at *2 (M.D. Fla. Feb. 24, 2015) (same).

To the extent the Motion requests a preliminary injunction, it is referred to the Honorable Julie S. Sneed, United States Magistrate Judge, for a report and recommendation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Pro se Plaintiff Christine Winsey's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc.

# 2) is **DENIED** insofar as it seeks a temporary restraining order.

(2) To the extent the Motion requests a preliminary injunction, it is referred to the Honorable Julie S. Sneed, United States Magistrate Judge, for a report and recommendation.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of April, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE