UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE WINSEY,

    Plaintiff,

v.                           Case No. 8:17-cv-979-T-33AEP

NATIONSTAR MORTGAGE LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Nationstar Mortgage LCC's Motion to Dismiss Plaintiff's Complaint and Motion to Strike Demand for Jury Trial (Doc. # 17), filed on May 16, 2017. After being granted an extension of time (Doc. # 29), Plaintiff Christine Winsey, who is proceeding pro se, filed her response in opposition on June 25, 2017. (Doc. # 33). For the reasons below, the Court grants the Motion, dismisses the Complaint, and grants Winsey leave to amend.

**I.   Background**

The Complaint contains very few facts. But, from what the Court gathers, in January of 2005, Winsey executed a mortgage to secure a loan used to purchase a house. (Doc. # 17-1 at 2-18). At some unspecified point, Nationstar was

assigned the servicing rights to the mortgage. (Doc. # 1 at ¶ 10(a)). Thereafter, although the date of the communication is not alleged, Nationstar "communicated with plaintiff . . . to demand payment of debt." (Id.). The substance of that communication is not alleged. Presumably after the aforesaid communication (though, again, the date is not provided), Winsey "served upon [Nationstar a] Notice of Dispute and Validation of Debt." (Id. at ¶ 10(b)). Nationstar allegedly failed to provide the required disclosures under 15 U.S.C. § 1692g within five days of the previously-mentioned communication. (Id. at ¶ 10(c)).

In response to Nationstar's demand for payment, Winsey drafted a document purporting to be a promissory note in the amount of $365,000 and sent that document to Nationstar on March 13, 2017. (Id. at ¶¶ 4, 5; Doc. # 17-1 at 1). Nationstar received the document on March 20, 2017. (Doc. # 1 at ¶ 5). This "promissory note" stated as one of its terms that, if Nationstar did not return the note within three days, then Nationstar accepted the note as a full settlement and discharge of Winsey's obligations under the mortgage. (Doc. # 17-1 at 1). Nationstar did not return the note and listed Winsey's property for sale in a local publication. (Doc. # 1 at ¶¶ 8, 13). The Complaint does not allege whether a judgment

of foreclosure was entered by a state court, when such a judgment was entered, if at all, or if the property was sold at auction.

Winsey filed her Complaint on April 26, 2017. (Doc. # 1). The Complaint brings claims for a violation of the Fair Debt Collection Practices Act, breach of contract, a violation of section 673.5011, Fla. Stat., and a violation of section 673.6031, Fla. Stat. (Id.). The Complaint also contains a jury demand. (Id. at 7). Nationstar now moves to dismiss the Complaint and strike the jury demand. (Doc. # 17).

**II. Legal Standard**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than pleadings drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). This liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Pro se litigants must follow the procedural rules. Id.

### A. Motion to Dismiss

On a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the Complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Generally, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). "There is an exception, however, to this general rule. In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

**B.  Striking Jury Demands**

"The Seventh Amendment provides '[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.'" Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990) (quoting U.S. Const. amend. VII). A party may waive its right to a jury trial if the waiver is knowing and voluntary. Bakrac, Inc. v. Villager Franchise Sys., Inc., 164 Fed. Appx. 820, 823 (11th Cir. 2006). However, because of the historical importance of this right, "any seeming curtailment . . . should be scrutinized with the utmost care." Chauffers, 494 U.S. at 565 (internal citations omitted). Furthermore, "because the right to a jury trial is fundamental, courts must indulge every reasonable presumption

5

against waiver." Burns v. Lawther, 53 F.3d 1237, 1240 (11th Cir. 1995) (per curiam) (internal quotations omitted).

## III. **Analysis**

Before delving into the merits, the Court addresses a procedural matter. In her response, Winsey argues without citation to authority that "[a] Plaintiff who provides a verified complaint is deserving of a verified Answer. A Defendant is prohibited from attempting to avoid this pleading requirement." (Doc. # 33 at 2). Winsey further opines: "the Court would not be just in entertaining a procedural general motion by Defendant Nationstar when faced with a Sworn Verified Complaint." (Id.).

This preliminary argument finds no support in the plain language of Rule 12. Prior to serving an answer under Rule 12(a)(1), a defendant may assert the defense of failure to a state claim upon which relief can be granted via motion under Rule 12(b)(6). If a defendant files a motion under Rule 12, the defendant is not required to serve its responsive pleading until 14 days after the Court denies or postpones ruling on the motion. Fed. R. Civ. P. 12(a)(4)(A). Thus, contrary to Winsey's argument, Nationstar's Motion is procedurally proper and no injustice is wrought by the Court's consideration

thereof as it is entirely within the Court's authority to rule on the Motion.

**A. Motion to Dismiss**

**1. FDCPA**

The elements of an FDCPA claim are "(1) [plaintiff] was the object of collection activity arising from consumer debt; (2) [d]efendant[] [is a] debt collector[] as defined by the FDCPA; and (3) [d]efendant[] ha[s] engaged in an act or omission prohibited by the FDCPA." McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008) (citation omitted). The FDCPA "expressly excludes from the definition of 'debt collector' any third party collecting a debt that is not in default at the time it was obtained by the third party." Church v. Accretive Health, Inc., 654 Fed. Appx. 990, 992 (11th Cir. 2016). While Winsey need not (indeed, should not merely) provide a formulaic recitation of the elements, she does need to at least plead allegations that give rise to a plausible claim to relief. The Complaint, however, is very scant on facts.

For instance, the Complaint alleges Nationstar was assigned the rights to service the mortgage. (Doc. # 1 at ¶ 10(a)). But, the Complaint does not explicitly allege the underlying note was in default at the time of assignment. In

7

fact, the Complaint never once mentions when Winsey defaulted. Moreover, the Complaint does not contain any allegations from which the Court can reasonably infer Nationstar became the servicer after default had occurred.

While the Complaint does allege Nationstar listed the property for sale in a local publication (Id. at ¶ 8), such an allegation is not enough for the Court to infer that Nationstar obtained the servicing rights after the note was already in default. Without more factual allegations, the Court simply cannot determine whether dismissal should be with or without prejudice. In an abundance of fairness, especially in light of Winsey's pro se status, the Court will afford Winsey another opportunity to attempt to state a claim under § 1692g of the FDCPA. Winsey is cautioned though: she must provide sufficient factual allegations that themselves, or in conjunction with the reasonable inferences drawn therefrom, give rise to a plausible claim to relief.

### 2. State-Law Claims

Winsey's state-law claims all stem from her "promissory note." As alleged, "Plaintiff tendered a promissory note (negotiable instrument) for presentment, in the amount of $365,000.00." (Id. at ¶ 4). This putative promissory note stated that Winsey "promise[d] to pay **NATIONSTAR MORTGAGE**,

the bearer (HOLDER) the full amount specified, on this **NOTE AS GOOD AS AVAL FOR VALUE RECIEVED** [sic]." (Doc. # 17-1 at 1) (bolding in original). The document went on:

> The Payment will be made against the obligations [of] the United States to that part of the public debt due its Principals and Sureties in monthly installments of **$1,300 . . . per month, on the 7th . . . day of every consecutive month starting April 7th, 2017**, until obligation has been fulfilled.

(Id.) (bolding in original). The document also attempted to turn non-action into a form of acceptance. (Id.) ("The **HOLDER** bearer tacitly consents and agrees upon three (3) days of receipt shall return this original note . . . if you do not believe that this note is valid . . . . Absent said timely response, you agree to accept this private issue negotiable instrument . . . .") (bolding in original).

These allegations demonstrate the state-law claims are based on a strain of the vapor money theory, a conclusion bolstered by the fact that Winsey argues in her response that her "promissory note" was "equal to cash . . . just as if [she] had sent by armored car $365,000.000 [sic] Federal Reserve Notes." (Doc. # 33 at 17). As noted by the court in Demmler v. Bank One NA,

> [w]hile a promissory note may be a negotiable instrument, the note itself is not "money." It is nothing more than the acknowledgment of a debt and a promise to repay the debt at some date in the

9

> future. In short, the Court rejects the theory upon which all of Plaintiff's claims, federal and state, are based.

No. 2:05-cv-322, 2006 WL 640499, at *4 (S.D. Ohio, Mar. 9, 2006). This Court joins the chorus of other federal courts that have rejected similar arguments. See Id. at *4 (providing a sampling of courts that have rejected similar arguments). Because the theory undergirding the state-law claims is utterly meritless, the state-law claims are dismissed with prejudice.

The state-law claims should also be dismissed with prejudice for two other reasons. First, with respect to the breach-of-contract claim, to form an enforceable contract, there must be an offer, acceptance, and consideration. Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999). "Absent specific indications of intent to accept an offer, an offeree's silence is not acceptance of an offer." In re Worrell, No. 09-15332-EPK, Adv. No. 16-01046-EPK, 2016 WL 2849642, at *4 (S.D. Fla. May 9, 2016). Winsey's breach-of-contract claim is based entirely on a theory that Nationstar's mere silence equated to acceptance. Such a theory fails as a matter of law.

Second, Winsey's claims under Florida's version of the Uniform Commercial Code are based on erroneous understandings

of sections 673.6031 and 673.5011. Taking the statutes in reverse order, only a person entitled to enforce an instrument may make a presentment thereof. Fla. Stat. § 673.5011(1). The face of the "promissory note" shows Nationstar is the party entitled to enforce the instrument. (Doc. # 17-1 at 1). In other words, Winsey would have been the party upon whom presentment was made. Thus, as a matter of law, Winsey cannot claim she was entitled to enforce the "promissory note."

And with respect to the section 673.6031 claim, that claim is merely the vapor money theory disguised with a new name. To be sure, the claim under section 673.6031 is premised on the idea that Winsey's "promissory note" was the equivalent of actual money and when Winsey sent Nationstar the note, she tendered payment under section 673.6031. As noted earlier though, a "note itself is not 'money.' It is nothing more than the acknowledgment of a debt and a promise to repay the debt at some date in the future." Demmler, 2006 WL 640499, at *4. Because the basis for the section 673.6031 claim has been roundly rejected by other courts, the claim is due to be dismissed with prejudice.

**B.  Motion to Strike Jury Demand**

The mortgage Nationstar was servicing contained a clause stating, "[t]he Borrower hereby waives any right to a trial

by jury in any action, proceeding, claim, or counterclaim, whether in contract or tor, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. # 17-1 at 15). Winsey's argument is not that the waiver was made unknowingly or involuntarily; rather, she argues that the waiver "has absolutely NOTHING to do with this instant case." (Doc. # 33 at 12).

"A claim 'relates to' a contract when 'the dispute occurs as a fairly direct result of the performance of contractual duties.'" <u>Bahamas Sales Assoc., LLC v. Byers</u>, 701 F.3d 1335, 1340-41 (11th Cir. 2012). The phrase "relates to," however, does not cast an infinite penumbra. <u>Id.</u> at 1341. There must be "a direct relationship between the claim and the contract." <u>Id.</u>

In this case, Nationstar's alleged malfeasance occurred while it was servicing the mortgage containing the very waiver provision Winsey argues has no relationship to this action. The Court, however, disagrees with Winsey as the conduct complained of — action taken while servicing a mortgage — is sufficiently related to the mortgage itself such that the waiver provision applies. <u>See</u> <u>Levinson v. Green Tree Servicing, LLC</u>, No. 8:14-cv-2120-T-17TGW, 2015 WL 1912276, at *2 (M.D. Fla. Apr. 27, 2015).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Nationstar Mortgage LCC's Motion to Dismiss Plaintiff's Complaint and Motion to Strike Demand for Jury Trial (Doc. # 17) is **GRANTED**.

(2) Winsey's claim under § 1692g of the FDCPA is **DISMISSED WITHOUT PREJUDICE**. If Winsey decides to attempt to state a claim under § 1692g, she must include enough factual allegations to give rise to a plausible claim to relief. The **amended complaint is due by July 14, 2017.**

(3) Winsey's state-law claims for breach of contract and violations of Florida's Uniform Commercial Code are **DISMISSED WITH PREJUDICE**. If Winsey elects to file an amended complaint, she shall not include any allegations or causes of action that rest upon the widely rejected vapor money theory or any derivative thereof.

(4) Winsey's demand for a jury trial is **STRICKEN**. If Winsey elects to file an amended complaint, she shall not include a jury demand.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of June, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE