UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE WINSEY,

       Plaintiff,

v.                       Case No. 8:17-cv-979-T-33AEP

NATIONSTAR MORTGAGE LLC,

       Defendant.
_____/

## ORDER

This matter comes before the Court upon consideration of pro se Plaintiff Christine Winsey's Notice of Void Order filed on July 9, 2017, (Doc. # 36), which the Court construes as a motion for reconsideration. Although the time for filing a response has not yet passed, the Court determines a response is not needed. For the reasons below, the construed motion for reconsideration is denied.

## I.   Background

Winsey filed her Complaint on April 26, 2017. (Doc. # 1). On May 16, 2017, Defendant Nationstar Mortgage LLC moved to dismiss the Complaint. (Doc. # 17). After being granted an extension of time, Winsey responded in opposition on June 25, 2017. (Doc. ## 29, 33). After being fully briefed, the Court granted the motion to dismiss. (Doc. # 35). Importantly, the

Court granted Winsey leave to amend with respect to her FDCPA claim. (Id.). As of this Order, Winsey has not filed an amended complaint; rather, Winsey seeks reconsideration of the Court's June 29, 2017, order. (Doc. # 36).

## II.  **Legal Standard**

"A '[r]ose is a rose is a rose is a rose.'" Perez v. Wells Fargo N.A., 774 F.3d 1329, 1331 (11th Cir. 2014) (citation omitted and alteration in original); see also Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir. 1990) (stating that court looks at relief requested, rather than label, when determining applicable rule). So, although Winsey's construed motion is titled "Notice of Void Order," the essence of her filing is a motion for reconsideration. To be sure, Winsey herself cites to Federal Rule of Civil Procedure 60.

But, when a motion for reconsideration is filed within 28 days of an order, Rule 59 applies. Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). Because Winsey's construed motion for reconsideration was filed within 28 days of the Court's order dismissing her Complaint, Rule 59 governs.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." <u>Anderson v. Fla. Dep't of Envtl. Prot.</u>, 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007)) (quotation marks omitted). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." <u>United States v. DeRochemont</u>, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." <u>Michael Linet, Inc. v. Vill. of Wellington, Fla.</u>, 408 F.3d 757, 763 (11th Cir. 2005).

## III. <u>Analysis</u>

To begin, the Court addresses Winsey's contention that *sui juris* is mutually exclusive with pro se. The term *sui juris* is a Latin term and translates as "of one's own right; independent." *Sui juris*, Black's Law Dictionary (10th ed. 2014). In the legal field, *sui juris* is used to signify someone who has reached the age of majority or someone who possesses full civil rights. <u>Id.</u> Pro se is also a Latin term and it translates as "[f]or oneself; on one's own behalf." *Pro se*,

BLACK'S LAW DICTIONARY (10th ed. 2014). In the legal field, pro se is used to indicate a litigant who is proceeding without the assistance of a lawyer. Id. By their plain meanings, the two terms convey different ideas and have no effect on each other. Winsey's argument that the Court has somehow denigrated her by noting she is proceeding pro se is meritless.

Winsey also complains the Court "bas[ed] [its] judgment solely on the 'four corners of the complaint.'" (Doc. # 36 at 7). That the Court limited its review at the motion to dismiss stage is not grounds for reconsideration, vacatur, or voiding the Court's order in any other way. Indeed, controlling precedent is clear: the Court cannot consider additional evidence, such as an affidavit, at the motion to dismiss stage without converting the motion to dismiss into a motion for summary judgment. Boyd v. Peet, 249 Fed. Appx. 155, 157 (11th Cir. 2007) ("[A]t the motion to dismiss stage, the scope of a court's review must be limited to the four corners of the complaint." (citing St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002))); Hayes v. U.S. Bank Nat'l Ass'n, 649 Fed. Appx. 883, 887 (11th Cir. 2016) ("In evaluating whether a complaint should be dismissed under Rule 12(b)(6) for failure to state a claim, '[a] court is generally limited

to reviewing what is within the four corners of the complaint.'" (quoting Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006)); Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (A "district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."); see also Fed. R. Civ. P. 12(d). Winsey's arguments on this point are meritless.

The remainder of Winsey's construed motion consists of a hodgepodge of meritless arguments and widely-rejected claims. In short, the construed motion presents no valid basis for reconsideration.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Christine Winsey's Notice of Void Order filed on July 9, 2017, (Doc. # 36), which the Court construes as a motion for reconsideration, is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of July, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5