UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE WINSEY,

    Plaintiff,

v.                           Case No. 8:17-cv-979-T-33AEP

NATIONSTAR MORTGAGE LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Plaintiff Christine Winsey's "2nd Notice of Void Order" (Doc. # 38) and letter dated July 5, 2017 (Doc. # 39), both of which were filed on July 11, 2017. The Court first addresses the letter and then will turn to the second notice.

**Discussion**

In her July 5, 2017, letter, Winsey states she is returning the Court's June 29, 2017, order granting Defendant Nationstar Mortgage LLC's motion to dismiss. (Doc. # 39). Included as an attachment to her letter is a copy of the Court's June 29, 2017, order with the phrase "i [sic] Do Not Consent Cancelled for Cause" handwritten on each page. (Doc. # 39-1). To the extent Winsey's letter attempts to seek relief from or reconsideration of the Court's June 29, 2017, order,

such relief is denied for the reasons stated in the Court's July 10, 2017, order (Doc. # 37).

As for her second notice, the filing's caption reads: "THIS IS NOT A MOTION FOR RECONSIDERATION." (Doc. # 38 at 1). But, the second notice, as with the first notice, quotes Federal Rule of Civil Procedure 60(b). (Doc. ## 36 at 2; 38 at 4). Thus, to the extent the second notice can be construed as a motion for reconsideration, it is denied for the reasons stated in the Court's July 20, 2017, order (Doc. # 37).

The second notice further states the undersigned "must recuse herself." (Doc. # 38 at 4). The Court therefore construes the second notice to also be a motion for recusal.

Sections 144 and 455 of Title 28 of the United States Code set forth the conditions under which a judge should recuse herself. Under § 455, a judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test is an objective one, under which the Court must ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting McWhorter v. City of Birmingham, 906 F.2d 674,

678 (11th Cir. 1990)). To justify recusal, "[t]he allegation of bias must show that the bias is personal as distinguished from judicial in nature." Bolin, 225 F.3d at 1239 (quotation omitted). Because of this, "[j]udicial rulings standing alone rarely constitute a valid basis for a bias or partiality motion." Stringer v. Doe, 503 Fed. Appx. 888, 890 (11th Cir. 2013) (citing Draper v. Reynolds, 369 F. 3d 1270, 1279 (11th Cir. 2004)).

Additionally, § 144 permits a party to request a judge recuse herself on the basis of personal bias or prejudice. Specifically, § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). As with recusal under § 455, the decision to recuse under § 144 should "be made on the basis of conduct extra-judicial in nature as distinguished from conduct within a judicial context." Davis, 517 F.2d at 1052.

3

Winsey's construed motion for recusal is based entirely on the Court's order dismissing her Complaint and the Court's order denying her first construed motion for reconsideration. Furthermore, Winsey did not submit a sufficient affidavit — or an affidavit of any kind for that matter — and so § 144 does not provide a basis for recusal. In short, no reasonable, objective lay observer would entertain a significant doubt about the undersigned's impartiality. The construed motion for recusal is therefore denied.

Finally, the Court takes the opportunity to dispel Winsey's contention that "[t]his [C]ourt does NOT have [in] personam jurisdiction and has now lost subject matter jurisdiction unless [the undersigned] recuses herself." (Doc. # 38 at 2). In personam jurisdiction is the Court's power over a party. *Jurisdiction*, BLACK'S LAW DICTIONARY (10th ed. 2014). Here, the Court has personal jurisdiction over Winsey because she voluntarily and intentionally filed suit in this Court. With respect to subject matter jurisdiction, the Court has such jurisdiction pursuant to Article III, Section 1 of the Constitution of the United States and 28 U.S.C. § 1331 because Winsey brought an action under 15 U.S.C. § 1692, et seq.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Pro se Plaintiff Christine Winsey's "2nd Notice of Void Order" (Doc. # 38) and letter dated July 5, 2017 (Doc. # 39) are **DENIED** insofar as they seek reconsideration of or relief from the Court's June 29, 2017, and July 10, 2017, orders.

(2) Pro se Plaintiff Christine Winsey's "2nd Notice of Void Order" (Doc. # 38) is **DENIED** to the extent it seeks an order of recusal.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of July, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE