```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

CHRISTINE WINSEY,

    Plaintiff,

v.                              Case No. 8:17-cv-979-T-33AEP

NATIONSTAR MORTGAGE LLC,

    Defendant.
_____/

### ORDER

This matter comes before the Court sua sponte. Pro se Plaintiff Christine Winsey filed her Complaint against Nationstar Mortgage LLC on April 26, 2017. (Doc. # 1). After being fully briefed, the Court dismissed Winsey's Complaint on June 29, 2017, and granted her until July 14, 2017, to file an amended complaint. (Doc. # 35). Rather than filing an amended complaint, Winsey filed two notices purporting to void the Court's June 29, 2017, Order. (Doc. ## 36, 38-39). The Court construed the notices as motions for reconsideration and for recusal, and denied both. (Doc. ## 37, 40).

Winsey did not file an amended complaint. Instead, on July 17, 2017, Winsey filed a document titled "Mandatory Judicial Notice." (Doc. # 42). In her most recent filing,

Winsey states: "There is no need to file an amended complaint because [the Court's] order is void on its face." (Id. at 2). As explained by the Court in its previous orders, there is no basis for vacating or otherwise nullifying the Court's June 29, 2017, Order. The time for filing an amended complaint has passed and Winsey has elected not to file an amended complaint.

Therefore, at this juncture, this action consists solely of Nationstar's counterclaims. (Doc. # 25). The counterclaims asserted against Winsey are purely state-law claims. (Id.). And in its pleading, Nationstar bases jurisdiction on 28 U.S.C. § 1332. Among other things, § 1332 requires complete diversity of citizenship. 28 U.S.C. § 1332; Univ. of S. Ala. v. Am Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999). The party invoking jurisdiction bears the burden of establishing that the Court's exercise of jurisdiction is proper. Bishop v. Reno, 210 F.3d 1295, 1298 (11th Cir. 2000).

Nationstar is a limited liability company. (Doc. # 25 at ¶ 1). Although Nationstar's counterclaim alleges it "is a foreign limited liability company, authorized to and doing business in the States of Florida, with its principal place of business in Texas," Nationstar does not allege its members' citizenships. Rolling Greens MHP, L.P. v. Comcast SCH

Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004)(stating that an LLC is a citizen of every state of which its members are citizens). An additional hurdle exists with respect to establishing diversity of citizenship. Nationstar's counterclaim merely alleges Winsey's residency. (Doc. # 25 at ¶ 2). The key to diversity, however, it citizenship. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). As such, the Court cannot determine whether the requirements of § 1332 are met.

If Nationstar wishes to maintain its counterclaims now that all of the original claims have been dismissed and the time for filing an amended complaint has expired, Nationstar should file a supplement showing through competent evidence the citizenship of both parties. If, however, Nationstar no longer wishes to maintain its counterclaims given the aforesaid dismissal, the Court will entertain a motion to dismiss brought under Federal Rule of Civil Procedure 41(a)(2). See Borden v. Saxon Mortg. Servs., Inc., 469 Fed. Appx. 752, 754-55 (11th Cir. 2012)(noting district court did not abuse discretion by granting counterclaimant's Rule 41(a)(2) motion to dismiss after original claims had been disposed of where no extensive discovery had occurred with respect to the counterclaim).

Finally, regardless of whether the counterclaims go forward, Nationstar's pending motion to stay discovery (Doc. # 41) is denied. The motion to stay seeks a stay of the deadline's imposed by the Court's fast-track scheduling order, which was entered because the Complaint asserted a claim under the FDCPA (a type of action the undersigned fast-tracks as standard practice). The FDCPA claim was the sole cause of action fast tracked by the undersigned. Thus, if this case goes forward, the scheduling order would be vacated and a new, standard case management and scheduling order entered.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) If Nationstar wishes to maintain its counterclaims, it should file a supplement showing through competent evidence the citizenship of both parties by July 24, 2017. Failure to file the supplement will result in dismissal of the counterclaims for lack of jurisdiction.

(2) If Nationstar no longer wishes to maintain its counterclaims, the Court will entertain a motion to dismiss brought under Federal Rule of Civil Procedure 41(a)(2), which should be filed no later than July 24, 2017.

(3) Nationstar's motion to stay discovery (Doc. # 41) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of July, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE