```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

CHRISTINE WINSEY,

      Plaintiff,

v.                                Case No. 8:17-cv-979-T-33AEP

NATIONSTAR MORTGAGE LLC,

      Defendant.
_____/

## ORDER

This matter comes before the Court upon consideration of Defendant Nationstar Mortgage LLC's Motion for Voluntary Dismissal of its Counterclaim without Prejudice (Doc. # 44), filed on July 24, 2017. Pro se Plaintiff Christine Winsey filed a response in opposition on July 25, 2017. (Doc. # 46). For the reasons below, the Motion is granted, Nationstar's counterclaims are dismissed without prejudice, and, as there are no remaining claims, the case is closed.

## I. Background

Winsey instituted this action on April 26, 2017, by filing her Complaint. (Doc. # 1). Nationstar filed a motion to dismiss the Complaint on May 16, 2017, and its counterclaims on May 23, 2017. (Doc. ## 17, 25). After receiving Winsey's response in opposition to the motion to

dismiss, the Court granted Nationstar's motion to dismiss the Complaint. (Doc. # 35). Specifically, the Court dismissed Winsey's FDCPA claim without prejudice and granted her leave to amend that claim; the state-law claims were dismissed with prejudice. (Id.).

The deadline for Winsey to file her amended complaint was July 14, 2017. (Id.). Before that deadline passed, Winsey filed two construed motions for reconsideration and a construed motion for recusal. (Doc. ## 36, 38, 39). The Court denied both construed motions for reconsideration and the construed motion for recusal. (Doc. ## 37, 40). Winsey failed to file an amended complaint by the July 14, 2017, deadline. Rather, on July 17, 2017, Winsey filed a "notice" that stated: "[t]here is no need to file an amended complaint . . . ." (Doc. # 42 at 2).

Because Winsey missed the deadline to file an amended complaint — indeed, affirmatively elected not to do so — the Court noted on July 17, 2017, that "at [that] juncture, this action consist[ed] solely of Nationstar's counterclaims." (Doc. # 43 at 2). The Court further noted that if Nationstar no longer wished to maintain its counterclaims, the Court would consider a Rule 41(a)(2) motion to dismiss. (Id. at 4). Nationstar timely filed a motion under Rule 41(a)(2) seeking

2

to have its counterclaims dismissed without prejudice. (Doc. # 44). Winsey's response indicates her opposition to dismissal of the counterclaims without prejudice and she argues that dismissal should be with prejudice. (Doc. # 46).

## II. Legal Standard

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015) (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986)).

"A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2) . . . ." Id. "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Id. In determining whether a defendant will suffer clear legal prejudice, "'the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in

3

prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" Peterson v. Comenity Capital Bank, No. 6:14-cv-614-Orl-41TBS, 2016 WL 3675457, at *1 (M.D. Fla. May 3, 2016) (quoting Pezold Air Charters v. Phx. Corp., 192 F.R.D. 721, 728 (M.D. Fla. 2000)). Ultimately, "[t]he court's task is to 'weigh the relevant equities and do justice between the parties.'" Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting McCants, 781 F.2d at 857).

Furthermore,

> [i]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation. Dismissal may be inappropriate, however, if it would cause the defendant to lose a substantial right. Another relevant consideration is whether the plaintiff's counsel has acted in bad faith.

Id. (internal citations and quotation marks omitted). The default under Rule 41(a)(2) is that a dismissal thereunder is without prejudice. Arias, 776 F.3d at 1268.

### III. Analysis

Winsey argues that "if the court . . . allow[s] Nationstar to voluntarily dismiss WITHOUT prejudice[,] then this court is subjecting Plaintiff to potential future harassment of the worst kind." (Doc. # 46 at 2). But, "[g]enerally speaking, a motion for voluntary dismissal

4

should be granted unless the defendant will suffer clear legal prejudice **other than the mere prospect of a second lawsuit**." Arias, 776 F.3d at 1268 (emphasis added). Because the mere prospect of a subsequent action alone is not prejudice enough, Winsey's argument is unpersuasive.

This action is only three months old. Furthermore, Winsey points to no extensive discovery that has been conducted on the counterclaims. Other factors belying Winsey's argument of clear legal prejudice include the fact that (1) there is no indication of delay on the part of Nationstar, (2) a motion for summary judgment has not been filed, and (3) trial has not been set yet. In short, this action is still in its early stages and Winsey will not suffer clear legal prejudice if the counterclaims are dismissed without prejudice. See Borden v. Saxon Mortg. Servs., Inc., 469 Fed. Appx. 752, 754-55 (11th Cir. 2012) (noting district court did not abuse its discretion by granting counterclaimant's Rule 41(a)(2) motion to dismiss after original claims had been disposed of because no extensive discovery had occurred with respect to the counterclaim).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Nationstar Mortgage LLC's Motion for Voluntary Dismissal of its Counterclaim without Prejudice (Doc. # 44) is **GRANTED**.

(2) Nationstar's counterclaims (Doc. # 25) are **DISMISSED WITHOUT PREJUDICE**.

(3) As there are no remaining claims, the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of July, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE